IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | |
| : | No. 5:22-CR-53-CAR-CHW-3 |
| LATONA MAE LAMBERT, : | |
| : | |
| **Defendant.** : | |
| : | |

### ORDER ON DEFENDANT'S MOTION TO DISMISS INDICTMENT

Before the Court is Defendant Lambert's Motion to Dismiss Count One of her superseding indictment [Doc. 93]. For the reasons discussed below, the Court **DENIES** Defendant's Motion.

### BACKGROUND

On October 11, 2022, the Grand Jury returned a 30-count indictment against Defendant Lambert and two co-defendants charging Defendant Lambert with one count of failure to report child abuse and her two co-defendants with multiple counts of cruelty to children in the first and second degree, simple battery, and failure to report child abuse. On May 9, 2023, the two co-defendants pled guilty to one count each of cruelty to children in the second degree.

On July 11, 2023, the Grand Jury returned a three-count superseding indictment against Defendant Lambert charging her with accessory after the fact to cruelty to children in the second degree, making false statements, and failure to report child abuse.

1

Defendant now moves to dismiss Count One—accessory after the fact to cruelty to children in the second degree—pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii). She argues it is vague, defectively uncertain, ambiguous, and fails to put her "on notice of the type and character of her alleged actions."[1] Count One states:

> Accessory after the Fact: On or about January 4, 2021 to February 10, 2021, in the Macon Division of the Middle District of Georgia, and elsewhere within the jurisdiction of this Court, Latona Mae Lambert, Defendant herein, knowing that an offense against the United States had been committed, to wit: Cruelty to Children in the Second Degree, which is an offense in violation of O.C.G.A. § 16-5-70(c) and 18 U.S.C. § 7(3) and § 13, did receive, relieve, comfort, and assist the offenders, Zhanay Kiana Flynn and Antanesha Mone Fritz (not charged herein), in order to hinder and prevent the offenders' apprehension, trial, and punishment, in violation of Title 18, United States Code, Section 3.[2]

## LEGAL ANALYSIS

An indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."[3] A defendant may file a motion alleging a defect in the indictment, including for a "lack of specificity."[4] "An indictment is considered legally sufficient if it: (1) presents the essential elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables

---

[1] Defendant's Motion to Dismiss Certain Counts of the Indictment [Doc. 93 at 2–3].
[2] Superseding Indictment [Doc. 86 at 1].
[3] Fed. R. Crim. P. 7(c).
[4] Fed. R. Crim. P. 12(b)(3)(B)(iii).

the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense."[5]

"It is generally sufficient that an indictment set forth the offense in the words of the statute itself, as long as 'those words fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the elements necessary to constitute the offence [sic] intended to be punished.'"[6] An indictment need not "allege in detail the factual proof that will be relied upon to support the charges."[7] "In determining whether an indictment is sufficient, we read it as a whole and give it a 'common sense construction.'"[8]

Defendant argues Count One "fails to do anything more than simply recite the language of the statute," and the generic terms "provide no insight" into Defendant's alleged crimes.[9] But the Government is not required to "detail the factual proof that will be relied upon to support the charge[],"[10] and the superseding indictment—read as a whole and given a common sense construction—sufficiently sets forth all elements of Count One and notifies Defendant of the charges to be defended.

---

[5] *United States v. Schmitz*, 634 F.3d 1247, 1259 (11th Cir. 2011) (quoting *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009)).
[6] *Hamling v. United States*, 418 U.S. 87, 117 (1974) (quoting *United States v. Carll*, 105 U.S. 611, 612 (1882)).
[7] *United States v. Sharpe*, 438 F.3d 1257, 1263 n.3 (11th Cir. 2006) (quoting *United States v. Crippen*, 579 F.2d 340, 342 (5th Cir. 1978)).
[8] *United States v. Jordan*, 582 F.3d 1239, 1254 (11th Cir. 2009).
[9] Doc. 93 at 2-3.
[10] *Sharpe*, 438 F.3d at 1263 n.3.

Count One details the crimes Defendant was allegedly an accessory to—cruelty to children in the second degree; who committed those crimes—Zhanay Kiana Flynn and Antanesha Mone Fritz; where she committed those crimes—in the Macon Division of the Middle District of Georgia; and the approximate time period in which she acted as an accessory—from January 4, 2021, to February 10, 2021. Moreover, Counts Two and Three further specify that Defendant knew her co-defendants violated the Child Development Center's policy during the relevant time period.[11]

Thus, the superseding indictment presents the essential elements of the offense charged, sufficiently notifies Defendant of the offense charged, and enables her to rely on a judgment under it as a bar against double jeopardy.[12] Therefore, the Court **DENIES** Defendant's Motion to Dismiss Count One of the superseding indictment [Doc. 93].

**SO ORDERED,** this 7th day of November, 2023.

                                                s/ C. Ashley Royal
                                                C. ASHLEY ROYAL, SENIOR JUDGE
                                                UNITED STATES DISTRICT COURT

---

[11] Doc. 86 at 2.

[12] Moreover, if Defendant wants to know specifics about Count One, she has access to the plea agreements of her two co-defendants, the related Stipulation of Fact, and extensive discovery including hundreds of hours of videotapes, witness statements, and investigatory records. *See* Plea Agreement of Antanesha Mone Fritz [Doc. 66 ¶ 7]; Plea Agreement of Zhanay Kiana Flynn [Doc. 68 ¶ 7]; Doc. 96 at 5 n.1; *United States v. Steele*, 178 F.3d 1230, 1234–35 (11th Cir. 1999) (stating that a defendant-pharmacist charged with illegally dispensing controlled substances could review his records to identify the specific dates of the alleged offenses when the indictment, which was held to be sufficient, provided a 4-month timespan during which the alleged conduct occurred).